Dear Major-General Kiefner:
This letter is in response to your question asking:
 With regard to Section 105.270, RSMo Supp. 1984:
 Does this provision which calls for paid military leave of absence for all periods of military service in performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year, for all officers and employees of the State of Missouri, all departments and agencies of the state, to include county, municipality, school district, and other political subdivision employees, and all other public employees of the state, apply to such Missouri State employees if they are members of the National Guard of another state, e.g., Iowa Army National Guard or Illinois Air National Guard?
Section 105.270, RSMo Supp. 1984, states:
 1. All officers and employees of this state, or of any department or agency thereof, or of any county, municipality, school district, or other political subdivision, and all other public employees of this state who are or may become members of the national guard or of any reserve component of the armed forces of the United States, shall be entitled to leave of absence from their respective duties, without loss of time, pay, regular leave, impairment of efficiency rating, or of any other rights or benefits, to which otherwise entitled, for all periods of military services during which they are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general without regard to length of time, and for all periods of military services during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year.
 2. Before any payment of salary is made covering the period of the leave the officer or the employee shall file with the appointing authority or supervising agency an official order from the appropriate military authority as evidence of such duty for which military leave pay is granted which order shall contain the certification of the officer of performance of duty in accordance with the terms of such order.
 3. No member of the organized militia shall be discharged from employment by any of the aforementioned agencies because of being a member of the organized militia, nor shall he be hindered or prevented from performing any militia service he may be called upon to perform by proper authority nor otherwise be discriminated against or dissuaded from enlisting or continuing his service in the militia by threat or injury to him in respect to his employment. Any officer or agent of the aforementioned agencies violating any of the provisions of this section is guilty of a misdemeanor.
Section 105.270, refers to "public employees of the state who are or may become members of the national guard or of any reserve component of the armed forces of the United States . . . for all periods of military service . . . and as ordered by the adjutant general without regard to length of time, and for all periods of military service during which they are engaged in the performance of duty in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year." This language requires the following: (1) the individual be a public employee of this state, and (2) the Missouri public employee is a member of the national guard or of any reserve component of the armed forces of the United States, and (3) the Missouri public employee be engaged in the training or service for the State of Missouri or be engaging in the performance of duty or training in the service of the United States under competent orders for a period not to exceed a total of fifteen calendar days in any federal fiscal year. We believe this language would entitle a State of Missouri public employee who was a member of another state's national guard to be compensated for service as set forth in Attorney General Opinion No. 1, September 16, 1959, provided that that public employee's orders required said employee to engage in the "performance of duty in the service of the United States."
It should be noted that in Attorney General Opinion Letter No. 35-85, the word "and" in the following phrase was interpreted in the disjunctive:
 . . . periods of military service during which they [public employees] are engaged in the performance of duty or training in the service of this state at the call of the governor and as ordered by the adjutant general . . . .
Thus, the adjutant general of another state could order a State of Missouri public employee who is a member of that other state's national guard to training or service for the United States, thereby coming under the benefits of Section 105.270. Examples of this occurring are as follows:
 1. IADT (Initial Active Duty for Training) pursuant to 10 U.S.C. § 511D (for guard member with no prior service), basic training and advanced training, 12-16 weeks. These orders are issued for the Adjutant General by the Department of Defense.
 2. Out-of-country service pursuant to 10 U.S.C. § 672, issued for the Adjutant General but signed by personnel readiness officer.
 3. Annual training in country, pursuant to 32 U.S.C. § 503, issued for the Adjutant General.
 4. Full time training duty (3 weeks, 5 days, pursuant to 32 U.S.C. § 505, issued for the Adjutant General by the assistant adjutant.
 5. Active army school pursuant to 32 U.S.C. § 505, issued for the Adjutant General by the assistant adjutant.
 6. Active guard reserve (AGR), pursuant to 32 U.S.C. § 502F, issued for the Adjutant General by the Officer Personnel Readiness Manager.
 7. Full-time training duty, pursuant to 32 U.S.C. § 502F, issued for the Adjutant General by the assistant adjutant.
 8. Medical care for condition occurring or developed during active duty, pursuant to 32 U.S.C. § 318 and 37 U.S.C. § 204H, issued for the Adjutant General by the assistant adjutant.
These examples are not inclusive of all situations where a state's adjutant general issues orders to a national guard member to meet federal training or duty requirements as set forth in Titles 32 and 10.
The other language in this statute, ". . . periods of military service during which they [public employees] are engaged in the performance of duty or training in the service ofthis state at the call of the governor and as ordered by the adjutant general . . . ," specifically limits this provision to performance of duty or training in the service of this state. Therefore, a Missouri state employee who is a member of another state's national guard who is called to duty by that other state's governor for any reason or by that other state's adjutant general for state emergency duty, state training, or state ceremonial duties would not come under the benefits of Section105.270.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General